**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**ERNEST SEAGRAVES**,

     **Plaintiff,**

**v.**                                  **Case No. 3:13-cv-23466**

**EXECUTIVE, LESIGISLATIVE,
AND JUDICIAL BRANCHES OF
THE FEDERAL, STATE, AND
LOCAL GOVERNMENT; BARACK
OBAMA, United States President;
UNITED STATES SENATE;
UNITED STATES HOUSE OF
REPRESENTATIVES; and the
HIDDEN PLUTOCRACY OR
SECRET SOCIETIES AND GROUPS
IN THE UNITED STATES,**

     **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court is the initial screening of Plaintiff's self-styled *pro se* "Petition for Writ of Mandamus or Extraordinary Writ," (ECF No. 1), and an Application to Proceed Without Prepayment of Fees or Costs. (ECF No. 2). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the complaint be **DISMISSED**, **with prejudice**, and that this matter be removed from the docket of the Court.

## I.     <u>**Claims and Requests for Relief**</u>

Plaintiff Ernest Seagraves ("Seagraves") asserts in his self-styled "Petition for Writ of Mandamus or Extraordinary Writ" that he has been "denied due process, right to present evidence, right to be heard, right to present evidence, right to contract, equal protection based on gender, equal protection based on a class of one with extreme ill will and bias, and the right of a preteen girl to see her father," in violation of 42 U.S.C. §§ 1983 and 1985. (ECF No. 1 at 2). Although Seagraves alleges that "[c]ause can readily be established based on [his] divorce proceedings [in] Frederick County MD Circuit Court," he does not elaborate further. (*Id.*). Seagraves also states that "actions by various government agencies have been aligned in such a way as to deny all remedies and recourse" and that "JTTF, FBI, DoD, etc., have all refused to investigate, or at least share info with" him. (*Id.*). Additionally, Seagraves highlights multiple instances in which either the United States Constitution or the United States Government are in violation of the Bible's instructions. (*Id.* at 3-4).

For relief, Seagraves seeks a Writ of Mandamus "ordering all involved parties to follow the Constitution." (*Id.* at 2). First, Seagraves asks that the District Court issue a Writ to "all Agencies, Agents, Contractors, Military, Civilian Employees, and Elected Officials" ordering (1) "that they are indeed civil servants and that the constitution prohibits the withholding of ANY operational information from the public"; (2) "that no tax dollars are to ever be spent in secret"; (3) "that we are to adhere to the 6th Commandment – 'Thou shall not kill'"; and (4) "that all prisoners are heard in a public hearing without restriction on evidence they wish to present." (*Id.* at 4-5). Second, Seagraves requests (1) that "GITMO must be shut down, and all cases heard in open court within the continental US, with open media coverage"; (2) that "No US or state

entity is permitted to ship prisoners to any other country without the prisoners request and full approval"; and (3) that "All prisoners being incarcerated against their will are given public hearings within 24 hours if they so request." (ECF No. 1 at 5). Third, Seagraves asks the District Court to "issue a Writ of Mandamus to all state divorce courts," (1) "order[ing] all divorces involving children to be heard by a panel of judges who have an equal number of men and women," and (2) "removing all evidence rules as well as attorneys from the process." (*Id.*). Fourth, Seagraves seeks to "change [the] First Amendment such that [it] declares we are a nation of God." (*Id.*). Finally, Seagraves seeks to "change laws regarding the ability of the police to protect those who may suffer from Stockholm syndrome, such as domestic violence cases." (*Id.* at 6).

## II.   __In Forma Pauperis Screening__

Pursuant to 28 U.S.C. § 1915(e), an action proceeding in forma pauperis must be dismissed if the Court determines that it "is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A case is "frivolous" if it lacks "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A case lacks an arguable basis in law when it relies upon an indisputably meritless legal theory, *Denton v. Hernandez,* 504 U.S. 25, 32, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), and lacks an arguable basis in fact when the supporting allegations describe "fantastic or delusional scenarios." *Neitzke,* 490 U.S. at 328. Similarly, a complaint fails to state a compensable claim when viewing the factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint fails to contain enough facts to state a claim that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

In the event of a *pro se* complaint, the court must liberally construe the allegations contained therein. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). However, even under this less stringent standard, the complaint must still contain sufficient factual allegations to support a cause of action currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). The court may not rewrite the complaint to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), construct the plaintiff's legal theories for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. Discussion

### A. Claims Pursuant to 42 U.S.C. §§ 1983 and 1985

In his complaint, Seagraves argues that he has been "denied due process, right to present evidence, right to be heard, right to present evidence, right to contract, equal protection based on gender, equal protection based on a class of one with extreme ill will and bias, and the right of a preteen girl to see her father," in violation of 42 U.S.C. §§ 1983 and 1985. (ECF No. 1 at 2).

Title 42 U.S.C. § 1983 provides a federal cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by a person acting under color of State law. 42 U.S.C. § 1983. In order to allege a *prima facie* claim under § 1983, the plaintiff must present facts showing that he was (1) deprived of a right secured by the Constitution or laws of the United States, and that (2) the alleged deprivation was committed by a person acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999); *Lytle v.*

*Doyle*, 326 F.3d 463, 471 (4th Cir. 2003).

Title 42 U.S.C. § 1985(3) provides a federal cause of action against defendants who conspire "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). In order to establish a cause of action under § 1985, the plaintiff must demonstrate with specific facts: "(1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy." *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995). In order to prove a "conspiracy" under § 1985, the plaintiff "must show an agreement or a 'meeting of the minds' by defendants to violate the claimant's constitutional rights." *Id.* at 1377. Moreover, the Fourth Circuit Court of Appeals has "specifically rejected section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts." *Id.* (collecting cases); *see also Francis v. Giacomelli*, 588 F.3d 186, 197 (4th Cir. 2009) (rejecting § 1985 claim which "amounts to no more than a legal conclusion").

Here, the only factual allegations which Seagraves includes in his complaint are that "[c]ause can readily be established based on [his] divorce proceedings [in] Frederick County MD Circuit Court," and that "JTTF [Joint Terrorism Task Force], FBI, DoD, etc., have all refused to investigate, or at least share info with [him]." (ECF No. 1 at 2). He insists that "[s]ecrecy in the process has denied" him various constitutional rights, but does not describe any specific actions taken by any individuals or agencies,

nor does he allege with any specificity how any actions taken by the defendants resulted in a violation of his constitutional rights. Even construing Seagraves' *pro se* complaint liberally, it is clear that he has failed to include sufficient factual allegations from which the court could draw reasonable inferences which would support a cognizable claim under either § 1983 or § 1985. *See Iqbal*, 556 U.S. at 679.

### B.  Petition for Mandamus

Seagraves also seeks a Writ of Mandamus "on behalf of We The People and God," (ECF No. 1 at 1, 4), apparently independent of his claims under 42 U.S.C. §§ 1983 and 1985. (ECF No. 1 at 2-3).

To begin with, it does not appear that Seagraves has Article III standing to sue for mandamus relief "on behalf of We the People and God." *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (requiring that proper jurisdiction be established as a threshold matter); *United States v. Day*, 700 F.3d 713, 721 (4th Cir. 2012) ("Courts must resolve jurisdictional Article III standing issues before proceeding to consider the merits of a claim."). Under Article III, § 2 of the Constitution, the "judicial Power" of the United States extends only to "Cases" and "Controversies," that "cases and controversies of the sort traditionally amenable to, and resolved by, the judicial process." *Steel Co.*, 523 U.S. at 102. The Supreme Court of the United States has "consistently held that a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). The doctrine of standing is an essential component of the

Case 3:13-cv-23466   Document 4   Filed 04/09/14   Page 7 of 11 PageID #: 19

case and controversy requirement for federal jurisdiction, *Marshall v. Meadows*, 105

F.3d 904, 906 (4th Cir. 1997), and consists of three elements:

> First, the plaintiff must have suffered an injury in fact—an invasion of a
> legally protected interest which is (a) concrete and particularized, and (b)
> actual or imminent, not conjectural or hypothetical. Second, there must be a
> causal connection between the injury and the conduct complained of—the
> injury has to be fairly traceable to the challenged action of the defendant, and
> not the result of the independent action of some third party not before the
> court. Third, it must be likely, as opposed to merely speculative, that the
> injury will be redressed by a favorable decision.

*Cooksey v. Futrell*, 721 F.3d 226, 234-35 (4th Cir. 2013) (quoting *Lujan*, 504 U.S. at

560); *see also Steel Co.*, 523 U.S. at 103. Thus, "although a suitor may derive great

comfort and joy from the fact that the United States Treasury is not cheated, that a

wrongdoer gets his just deserts, or that the Nation's laws are faithfully enforced, that

psychic satisfaction is not an acceptable Article III remedy because it does not redress a

cognizable Article III injury." *Steel Co.*, 523 U.S. at 107.

Here, Seagraves purports to sue "on behalf of We The People and God," (ECF No.

1 at 1), for the purpose of "request[ing] all branches of government to fully support

constitutional rights of the people, all people not just citizens." (ECF No. 1 at 2).

However, Seagraves fails to offer any discernible factual allegations of any injury that he

has in fact suffered, which would entitle him to the relief he requests. Instead, Seagraves

appears to base his requests for mandamus upon Biblical scripture, which he argues

demonstrates that both the Constitution and ongoing government activities are in

violation of "God's Law." (ECF No. 1 at 3-4). Indeed, Seagraves explicitly seeks the

"Requested Relief on behalf of We the People and God." (ECF No. 1 at 4). Having failed

to assert that he has suffered any injury in fact, let alone a causal connection between

such injury and the broad range of named defendants, it appears that Seagraves lacks

standing to seek mandamus relief against "all agencies, agents, contractors, military, civilian employees, and elected officials" and "all state divorce courts." (ECF No. 1 at 4-6).

Furthermore, even assuming *arguendo* that Seagraves possessed the requisite Article III standing, it is evident that he is not entitled to the mandamus relief he requests. Pursuant to the All Writs Act, courts may issue the common law Writ of Mandamus whenever "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). However, mandamus is a "drastic remedy, to be invoked only in extraordinary circumstances." *United States v. Moussaoui*, 333 F.3d 509, 516 (4th Cir. 2003) (quoting *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980)). A party seeking mandamus relief must satisfy two predicate conditions: "First, the party seeking issuance of the writ must have no other adequate means to attain the relief he desires. Second, the petitioner bears the burden of showing that his right to issuance of the writ is clear and indisputable." *Id.* (internal marks omitted). Moreover, the Writ of Mandamus has "traditionally been used in the federal courts only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Id.* (quoting *Will v. United States*, 389 U.S. 90, 95, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967)). Thus, "[m]andamus against a public official will not lie unless the alleged duty to act involves a mandatory or ministerial obligation which is so plainly prescribed as to be free of doubt." *In re First Federal Sav. And Loan Ass'n of Durham*, 860 F.2d 135, 138 (4th Cir. 1988).

Here, Seagraves offers a disjointed laundry list of complaints relating to the United States Constitution and various actions and procedures involving both the state

and federal government, which he finds offensive. First, Seagraves complains that "[c]ourts have procedures that deny the poor the ability to their 14th amendment (and other) rights to present evidence and be heard," and that [f]undamentally the weak and poor are not treated fairly but oppressed, this includes women, children, poor, disabled, and those who disagree with those in power." (ECF No. 1 at 3). Seagraves asserts that "complex evidence rules require attorney much time and the ability or ethics of the . . . attorney can unfairly bias the court to deny the rights that the Constitution require[s] we have." (ECF No. 1 at 3). However, this claim is entirely speculative and void of any specificity of facts which, if true would establish a constitutional violation.

Second, Seagraves apparently objects to the "military use of offshore prisons that violate human rights," "war crime hidden by classification and general misuse of classification," and "Congress' failure to disclose all financial and other gifts that would allow the appearance of conflict of interest to be eliminated." (ECF No. 1 at 3). Again, he offers no supporting factual allegations demonstrating any sort of constitutional violation or other harm he or another has suffered.

Finally, Seagraves opposes the First Amendment to the Constitution, the United States military's "standard operating procedure," the United States' support for Israel and secret military operations, the Pledge of Allegiance, the practice of saluting the American Flag, "celebrat[ing] holidays memorializing death of soldiers," and the construction of "countless statutes and memorials" including Mt. Rushmore and the Lincoln Memorial. (ECF No. 1 at 3-4). However, Seagraves's rationale appears to be entirely based upon his interpretation of Biblical passages, and is not grounded in any arguable basis in law. Moreover, Seagraves has not demonstrated that he has no other adequate means to attain the relief he seeks, and indeed much of the relief he requests

falls far outside the bounds of the District Court's authority.

Accordingly, the undersigned **RECOMMENDS** that this action be **DISMISSED** for failure to state a cognizable claim.

## IV.  Proposal and Recommendations

For the reasons stated above, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** the following:

1.  The Plaintiff's Motion to Proceed Without Prepayment of Fees and Affidavit (ECF No. 2) be **DENIED**; and

2.  The Plaintiff's Petition (ECF No. 1) be **DISMISSED, with prejudice,** and removed from the docket of this Court.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections

shall be provided to the opposing parties, Judge Chambers, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff and any counsel of record.

**FILED:** April 9, 2014.

_____
Cheryl A. Eifert
United States Magistrate Judge